## Case No. 6,135.

### HARRISON v. EVANS.

[1 Cranch, C. C. 364.] 1

Circuit Court, District of Columbia. Dec. Term, 1806.

TROVER—SLAVE—COMPETENCY OF WITNESS.

1. In an action upon the case against the owner of a stage-coach, for taking away the plaintiff's slave, evidence may be given, on the part of the defendant, that the plaintiff had given

---

1 [Reported by William H. Crabbe, Esq.]

1 [Reported by Hon. William Cranch, Chief Judge.]

the slave a written permission to seek a new master, and if such permission be without limitation of time or place, the plaintiff cannot recover.

2. The office-keeper of the defendant is a competent witness for the defendant, because he is liable to the defendant if the plaintiff recovers, and to the plaintiff if he fails to recover, in this suit.

Trover for a mulatto woman slave, named Nell; with a special count for carrying away the plaintiff's slave, without his consent, whereby she was lost to the plaintiff.

Jones & Morsell, for defendant, offered evidence that the plaintiff had permitted the slave to go about and hire herself where she chose.

W. H. Dorsey and F. S. Key, for plaintiff, objected.

But THE COURT (nem. con.) permitted the evidence to be given to the jury. The count for trover was abandoned by the plaintiff's counsel.

Dennison Darling was offered as a witness for the defendant. It had been proved that he was the keeper of the defendant's stage-coach office, and had ordered the driver to call at Mrs. Thompson's and take a servant, who proved to be the slave in question. It was objected, by the plaintiff's counsel, that he was interested; because if the plaintiff recovers against Evans, Evans could recover against him.

But THE COURT (nem. con.) overruled the objection because the witness is indifferent. For although if the plaintiff recovers against Evans, Evans may recover against Darling; yet, if plaintiff does not recover against Evans, he may against Darling, so that he would be liable in either event.

THE COURT, also, (FITZHUGH, Circuit Judge, absent,) at the prayer of the defendant's counsel, instructed the jury, in effect, that if the slave had a written authority from the plaintiff, without limitation of time or place, to seek for a new master, the plaintiff could not recover in this action, although such authority was not shown to the defendant or his agents.

Verdict for plaintiff, $180. New trial refused.