Curia, per

Frost, J.
The plaintiff brought this action against the defendants to recover from them, in their private capacity, the amount contracted to be paid to the plaintiff for rebuilding a bridge, on the high road from Georgetown to Black river ferry. The defendants admit their liability, as contractors, but deny that they are chargeable alone, and in their private capacity; and accordingly they pleaded in abatement of the plaintiff’s action, that the contract to rebuild the bridge was made with the defendants and sixteen other persons, named in the plea, who, together with the defendants, were then Commissioners of the Roads for the parish of Prince George. The plaintiff, by his replication, denies that the contract was made with the persons named in the plea.
On this plea, if the issue be found for the defendant, the judgment is that the writ be quashed, (1 Chit. PI. 466 ; 1 Tidd Prac. 642.) The effect of the judgment is, that the action is defeated ; but with liberty to the plaintiff to begin another against the proper parties.
Issue was joined on the plaintiff’s replication, and a verdict found for the defendants. On the evidence submitted and the instructions of the Circuit Judge, the verdict, in effect, determines that the contract to build the bridge was made by the plaintiff with the Commissioners of the Roads, and on their credit, and not with the defendants, personally, and on their individual credit.
It is objected that judgment cannot be rendered on this verdict for the defendants, because the persons named in the plea constituted the Board of Commissioners at the time the contract was made ; and that if the Commissioners are officially liable, the action should be brought against those persons who com *382 posed the Board at the time the writ was sued out: and so the plea in abatement is bad, because it does not give the plaintiff a better writ.
It is required by the rules of pleading, that a plea in abatement must give the plaintiff a better writ; that is, the plea must so correct the plaintiff’s mistake, as to enable the plaintiff to avoid the same objection, in framing his new writ. (Ste. Plead. 431, App. note 75.)
It has not been directly decided that the persons who constituted the Board at the time an action may be brought, should be made defendants, though the decisions on collateral points, and intimations of the opinion of the Court, tend to that conclusion. It has been held that the Commissioners of Roads, though not a corporation proper, having no corporate seal, nor corporate name, or property, yet have certain corporate capacities which constitute them, sub modo, a corporation. They are public functionaries, appointed by law, and charged with the keeping of the public roads and bridges in repair. For the efficient execution of this important function of the government, they are invested with very ample powers. By the Act of 1825 it is declared that all Boards of Commissioners of the Roads, as then established by law, shall continue to have legal existence, until otherwise ordered by law. They possess a corporate organization, having perpetuity and succession of members, and, by law, are constituted a Board, with stated periods of meeting and a prescribed quorum for the transaction of business. They are also required to elect officers, to whom specific duties are assigned. To the extent of their duties, and the liabilities which may be incurred in the performance of them, the Commissioners have a corporate capacity. But they can only sue and he sued collectively, by their proper names and designation of office, (A. A. 1841, 11 Stat. 160.) Commissioners of Roads vs. Guerard, Commissioners of Roads vs. McPherson, (1 Spear, 215, 218.) They have power to assess the inhabitants of their respective districts and parishes for all necessary expenditures, and incur no personal liability for contracts and engagements made *383 in their official capacity. It necessarily results from the permanent constitution of the Board of Commissioners, and the succession of members by which it is perpetuated, that the powers and liabilities which pertain to a member of the Board, on his removal from office, are transferred to his successor. If it were otherwise, by successive changes, all the power of the Commissioners in relation to the past, might be transferred from those in office to those who had resigned.
The actual Board could not sue for debts, penalties and damages which had accrued to their predecessors ; and the interests of the district, or parish, in any action affecting them, might be committed to the care of persons who had renounced all obligation to protect them. It is indispensable that the powers, rights and liabilities of the Commissioners should be represented by those who are actually in office, and that the incumbents, at the time when a suit is commenced, should be made parties to the action.
The plea in abatement sets out the names of the persons who were Commissioners when the contract was made. The defendants could not have pleaded otherwise, consistently with the fact. But the plea does give the plaintiff a better writ, when it refers the plaintiff to the Commissioners of the Roads, as the proper parties to the contract and to the action. The plaintiff must take notice of the changes, if any have been made, in the Board between the time the contract was made, and the time when the writ is sued out, and make the parties defendants accordingly.
The motion for a new trial cannot prevail. The evidence abundantly supports the verdict, which establishes that the plaintiff did not contract with the defendants personally, but with the Board. The plaintiff appealed from a former verdict against him, on the ground that the evidence presented an issue of fact, whether credit had been given to the defendants, or to the Board, which the Circuit Judge decided as a question of law ; and that the verdict was rendered in obedience to that instruction. On that ground alone, a new trial was granted. The evidence on the last trial does not differ from that given on the first trial, sd *384 far as it can affect the question which was presented by the former appeal. The plaintiff having now the verdict of the jury against him, reverses his position, and contends that the evidence shews an agreement, in writing, the effect and obligation of which should be determined by the -Court; and that the verdict of the jury is inconsistent with the legal effect of the agreement.
If a complete agreement, in writing, between the plaintiff and the Commissioners of the Roads of the parish of Prince George had been shewn on the 'first trial, the case would not -have been sent back.- Neither in the advertised proposals for building the bridge, nor in the' offer of the plaintiff for ■ the contract, nor in his correspondence respecting it, nor in the bond which he gave for the execution of the contract, nor in the letter produced at the last trial, are the said Commissioners of the parish of Prince George named. Every part of the written evidence discloses only the names of the defendants, with the addition of “ Committee.” It is necessary. to make a complete contract, in writing, that the names of the contracting parties should be inserted. It was highly probable, from the case made on the first trial, that the plaintiff contracted with the. Commissioners;;, but that did not appear in writing. A new trial was grantedi that the jury might decide to whom credit was given.
If in the written and printed papers which shew the terms of the contract, there were inserted, after the names of the defendants, “ Committee of the Commissioners of the Roads, for the parish of Prince George,” the Court- on ■ the first appeal would have had no doubt that the defendants, personally, were not liable '; and that the plaintiff should have sued the Commissioners.
The verdict of the jury has now removed the uncertainty respecting the. parties with whom. the plaintiff contracted, and, supplies, in the written evidence of the contract, the Commissioners of the Roads, as the party contracting with the plaintiff.
The law, cited in the argument in support of the motion, related entirely to the liability of agents to third persons, in *385 reference to private transactions. But a very different rule prevails respecting the liability of public agents. The reason for the distinction is, that it is not to be presumed, either that the public agent means to bind himself personally, or that the party dealing with him means to rely on his individual responsibility, in preference to that of the public. And, besides, great public inconvenience would result from a different doctrine, considering the various public functionaries the government must employ in its ordinary business and operations, and how difficult it would be to procure persons to serve in any public employment, especially such as are onerous and uncompensated, if they were held liable on all their official contracts. In Hodgson vs. Dexter, (1 Cra. 364,) Marshall, C. J., having decided that a public agent contracting for the use of government is not personally liable, even though the contract be under seal, declares that the intent of the officer to bind himself personally must be very apparent indeed, to induce such construction of the contract. McBeath vs. Haldimand, (1 T. R. 172,) is the leading case on this subject. It has been followed by many decisions in the English and American Courts, which may be found collected in the eleventh chapter of Story on Agency.
The motion is dismissed.
O’Neall, Evans, Withers and Whitner, JJ., concurred.

Motion dismissed.