## McKAGEN v. WINDHAM.

1. Issues.—How long plaintiff was employed, was not the only issue in this case.
2. Ibid.—It is not admitted by defendants here that they are individually liable on the alleged contract.
3. Contracts.—An Officer is not individually liable on his official contracts in absence of unqualifying intention to bind himself individually.

Before GAGE, J., Sumter, June, 1900.   Reversed.

Action on contract by Henry G. McKagen against E. T. Windham, William M. Sanders, Henry C. Cuttino, and J. Mason Reames. From Circuit order setting aside order of magistrate granting a new trial, defendants appeal.

*Messrs. L. D. Jennings* and *J. H. Clifton,* for appellants, cite: *Answer does not admit that defendants contracted with plaintiff in their individual capacity:* 32 S. C., 243.   *An officer making a contract in his official capacity cannot be held individually liable:* 2 Am. Dec., 11; 21 Wis., 197; 93 U. S., 247.

*Messrs. Purdy & Reynolds,* contra, cite: *On appeal from magistrate, this Court cannot review finding of fact by Circuit Judge:* 35 S. C., 569; 26 S. C., 296; 35 S. C., 608; 23 S. C., 604; 28 S. C., 454; 37 S. C., 418; 39 S. C., 55, 338. *Plea was not demurrable:* 13 S. C., 439; 30 S. C., 172.

March 11, 1901.   The opinion of the Court was delivered by

MR. JUSTICE GARY.   That portion of the complaint to which it is necessary to refer in determining the questions under appeal is as follows: "1.  That on the 5th day of September, 1899, at its regular meeting, it was agreed by the Sumter County board of control, of which the first three members were and still are members, that Jas. Mason Reames, who was then and still is discharging the duties of county dispenser, be authorized and directed to employ the plaintiff as an extra clerk or assistant to said dispenser, at a salary of — per month.   2.  That pursuant to said authority and resolution, on or about the 5th September, 1899, the plaintiff and defendants made an agreement whereby the plaintiff undertook to render his services to the defendants as salesman or assistant in the Sumter dispensary from said date until the 1st day of April, 1900, in consideration whereof the defendants agreed to employ the plaintiff during

the said period and to pay him for his services at the rate of $40 each month, commencing on the 1st day of September, 1900. 3. That the plaintiff entered upon his employment under said agreement and duly discharged all the duties thereof until the 2d day of February, 1899." The complaint also alleges that the defendants, on the 2d of February, 1900, without any notice, dismissed him from their service.

The magistrate thus stated the answer of the defendants: "Before me and a jury, this 12th day of May, 1900, defendants deny every allegation in the complaint except that he was employed as an extra salesman in the dispensary for no specified time."

The magistrate charged the jury as follows: "This is a suit against the defendants in their individual capacity, and in order for the plaintiff to recover, he must prove to your satisfaction that he had a contract with these defendants, or their agent, or that they violated their authority in their official capacity and went beyond the scope of their authority, and in such case a defendant may be personally liable, that he performed his contract or was excused by reason of being wrongfully discharged. The defendants are not sued in their official capacity, and no judgment can be rendered against them in this action as a board of control. If the plaintiff was employed by the defendants, any or either of them, and that without fault on his part he was prevented from carrying out the contract, then the defendant who employed him and broke the contract would be liable. It is for you to say from the testimony whether or not there is a contract, and whether or not there has been a breach, and it is for you to say what is due the plaintiff, if anything. Or that they violated their authority in their official capacity and went beyond the scope of their authority, and in such cases a defendant may be personally liable. It is for you to say whether it was a monthly employment."

The following facts are set forth in the magistrate's return: "This case was tried before me and a jury, and the

plaintiff had verdict for $40; on proper notice, motion to set aside and grant a new trial was made, and on due consideration I could not possibly see any evidence to sustain the verdict of the jury against any of the defendants except James M. Reames; and at the argument it was contended that the contract was joint and the action joint, and the Court could not grant an order fixing the verdict on one of the defendants only. It must be apparent that the service was rendered in the county dispensary, and the defendants were the county board of control, and the dispenser, and it is the individual liability of defendants, and the Court failing to see evidence to support the verdict, it was ordered set aside and new trial granted."

The order of his Honor, the Circuit Judge, was as follows: "This is an appeal from an order of magistrate, setting aside the verdict of a jury and ordering a new trial. The only issue before the jury was as to the length of time the plaintiff was employed; it was admitted before the magistrate that the defendants had employed the plaintiff, and the price was not in issue. The defendants made no contention at the trial before the magistrate that plaintiff's contract was with the board of control and not with them as individuals. The complaint alleged the contract to be with the defendants, and defendants admitted it. On the issue as to the length of service, plaintiff testified one way and Reames another way, the matter lay betwixt them. The jury found for plaintiff, and I do not think the magistrate should have set the verdict aside. It is, therefore, ordered, that his order setting aside the verdict be vacated, and that plaintiff have judgment against the defendants for $40."

We will first consider whether the Circuit Judge erred in his conclusion that the only issue before the jury was as to the length of time the plaintiff was employed. The defendants denied every allegation in the complaint except that the plaintiff was employed as an extra salesman. The words "for no specified time," although not artistically expressed, were intended to put in issue the alle-

gations of the complaint that the plaintiff was employed until the first of April, 1900. The pleadings, the charge of the magistrate and his return, all show that the issue mentioned by the Circuit Judge was not the only issue involved.

We will next consider whether there was error on the part of the presiding Judge in stating what the defendants admitted before the magistrate. He says: "It was admitted before the magistrate that the defendants had employed the plaintiff." The only admission was as alleged in the complaint, that he was employed by the authority of the Sumter county board of control, and that in pursuance of a resolution of the board directing such employment. The Circuit Judge also says: "The defendants made no contention at the trial before the magistrate that plaintiff's contract was with the board of control, and not with them as individuals." It was not necessary to make this contention (unless they had desired to interpose a demurrer), as this fact appears from the allegation of the complaint. The doctrine as to the liability of those in public office on their official contracts as stated in 19 A. & E. Enc., pages 497-501 (1st ed.), is as follows: "Contracts made by a public officer in behalf of the government do not generally bind him, although the contract be expressed in language that would render an agent of a private person liable; in the absence of evidence of an unqualified intention of the parties to bind the officer, it is not to be presumed either that a public agent intends to bind himself personally or that a party contracting with him in his public character means to rely upon his individual responsibility, because governments can only contract through their officers and agents; and besides, to hold the agent liable would render it difficult for the government to obtain the services of responsible men; so that considerations of public policy require the agent to be held exempt. But in order to escape liability, the officer must designate the department of the government for which he acts, and his contracts must be those which are authorized by law. But if

the person with whom the contract was made has equal means of knowledge as to the officer's authority as the officer himself, and the officer acts in good faith, he will not be liable for having exceeded his authority; and where the officer's authority depends upon a public statute, all who contract with him are presumed to know the extent and limitations of his authority." In the case of *Miller* v. *Ford,* 4 Rich., 376, the Court says: "The law cited in the argument in support of the motion related entirely to the liability of agents to third persons in reference to private transactions. But a very different rule prevails respecting the liability of public agents. The reason for the distinction is that it is not to be presumed either that the public agent means to bind himself personally, or that the party dealing with him means to rely on his individual responsibility in preference to that of the public. And besides, great public inconvenience would result from a different doctrine, considering the various public functionaries the government must employ in its ordinary business and operations, and how difficult it would be to procure persons to serve in any public employment, especially such as are onerous and uncompensated, if they were held liable on all their official contracts. In *Houson* v. *Dexter* (1 Cra., 364), Marshall, C. J., having decided that a public agent contracting for the use of the government is not personally liable, even though the contract be under seal, declares that the intent of the officer to bind himself personally must be very apparent indeed to induce such construction of the contract. *McBeath* v. *Haldimand* (1 T. R., 172), is the leading case on this subject. It has been followed by many decisions in the English and American Courts, which may be found collected in the eleventh chapter of Story on Agency." There are no allegations in the complaint showing that the defendants intended to make themselves personally liable, nor are there any allegations from which the law would infer liability. His Honor likewise says: "The complaint alleged the contract to be with the defendants, and defendants admitted it."

It was only admitted to be made by them in their *official* capacity. These views practically dispose of all the exceptions.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed.