THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Thomas F.
 Martin and John D. Martin, Respondents,
 v.
 David H.
 Walker, Appellant.
 
 
 

Appeal From Anderson County
 Ellis B. Drew, Jr., Master-in-Equity

Unpublished Opinion No. 2011-UP-120
 Submitted March 1, 2011  Filed March 23,
2011    

AFFIRMED

 
 
 
 Michael F. Mullinax, of Anderson, for Appellant.
 John Derrick Martin, of Columbia, for Respondents.
 
 
 

PER CURIAM: David H.
 Walker appeals the denial of his motion to set aside the judicial sale of a
 piece of property in Anderson County, alleging that the master-in-equity erred
 in refusing to allow Walker or anyone on his behalf to bid at the partition
 sale of the property.   We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities: Hill v. S.C.
 Dep't of Health & Envtl. Control, 389 S.C. 1, 23, 698 S.E.2d 612,
 624 (2010) ("[A] contemporaneous objection is required to preserve an issue for appellate review."); Gissel
 v. Hart, 382 S.C. 235, 243, 676 S.E.2d 320, 324 (2009) (stating a
 party may not complain on appeal of an error that his own conduct induced).[2]  
AFFIRMED.
 HUFF,
 SHORT, and PIEPER, JJ., concur.

[1] We decide this case without oral argument
 pursuant to Rule 215, SCACR.
[2] Counsel for Walker made no objection to the ruling by
 the master-in-equity prior to the judicial sale, and in fact, agreed by
 stating, "I think that's reasonable for the court to do." However, at
 a hearing following the judicial sale, counsel for Walker then objected
 to the fact that the court prevented Walker from bidding at the sale of the
 property. Walker filed a motion for reconsideration following the post judicial
 sale hearing but not following the original ruling prior to the judicial sale.
 Therefore, the issue presented on appeal is not preserved for this court's review.