**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

David Browder, Respondent,

v.

Ross Marine, LLC, Swygert Shipyards, Inc., Sandblasters, Inc., Arthur R. Swygert, Jr., Arthur Swygert, Sr. and Cathy Speights, Appellants.

Appellate Case No. 2011-186727

Appeal From Charleston County
Deadra L. Jefferson, Circuit Court Judge

Unpublished Opinion No. 2012-UP-435
Heard May 8, 2012 – Filed July 18, 2012

**AFFIRMED**

William A. Scott, of Rogers, Townsend & Thomas, PC, of Charleston, for Appellants.

Michael W. Sautter, of Query, Sautter, Gliserman & Price, LLC, of Charleston, for Respondent.

**PER CURIAM:** David Browder filed this action alleging a violation of the South Carolina Payment of Wages Act (the Act) against Ross Marine, LLC, Swygert Shipyards, Inc., Sandblasters, Inc., Arthur R. Swygert, Jr., Arthur Swygert, Sr., and Cathy Speights (collectively, Ross Marine). The trial court granted Ross Marine's motion to compel arbitration, and the arbitration panel awarded Browder treble damages, attorney's fees, and costs. Browder moved to confirm the arbitration award, and Ross Marine moved to vacate it. The trial court confirmed the award and denied the motion to vacate. Ross Marine appealed. We affirm.

1.      As to the parties' dispute regarding our standard of review, we find our review is limited. As noted by Ross Marine, the standard of review regarding the <u>question</u> of arbitrability is de novo. *Partain v. Upstate Auto. Group*, 386 S.C. 488, 491, 689 S.E.2d 602, 603 (2010). However, the standard of review of an appellate court regarding the <u>merits</u> of an arbitration award is limited: "When a dispute is submitted to arbitration, the arbitrator determines questions of both law and fact. Generally, an arbitration award is conclusive and courts will refuse to review the merits of an award. An award will be vacated only under narrow, limited circumstances." *Gissel v. Hart*, 382 S.C. 235, 241, 676 S.E.2d 320, 323 (2009).

2.      We find no manifest disregard of the Statute of Frauds by the arbitration panel. The Statute of Frauds provides in pertinent part: "No action shall be brought . . . [t]o charge any person upon any agreement that is not to be performed within the space of one year from the making thereof . . . [u]nless the agreement . . . [is] in writing and signed by the party to be charged therewith . . . ." S.C. Code Ann. § 32-3-10 (2007). Modifications to a contract, written or oral, must likewise fulfill the elements required for a valid contract. *Roberts v. Gaskins*, 327 S.C. 478, 483-84, 486 S.E.2d 771, 773-74 (Ct. App. 1997). A contract may be established by "several writings which are connected either expressly or through internal evidence of the subject matter and occasion." *Young v. Indep. Pub. Co.*, 273 S.C. 107, 110, 254 S.E.2d 681, 683 (1979). Vacating an arbitration award based on manifest disregard of the law requires more than a mere error of law or failure on the part of the arbitrator to understand or apply the law. *Lauro v. Visnapuu*, 351 S.C. 507, 519, 570 S.E.2d 551, 557 (Ct. App. 2002). "An arbitrator manifestly disregards the law when he or she appreciates the existence of a clearly governing legal principle and decides to ignore it." *C-Sculptures, LLC v. Brown*, 394 S.C. 519, 523, 716 S.E.2d 678, 680 (Ct. App. 2011). It must be clear that the arbitrators recognized the applicable law and refused to apply it. *Gissel*, 382 S.C. at 241, 676 S.E.2d at 323. We find no manifest disregard by the arbitration panel in regard to the Statute of Frauds.

3.      We find no manifest disregard by the arbitration panel regarding Ross Marine's motion to reconsider based on *Mathis v. Brown & Brown of South Carolina, Inc.*, 389 S.C. 299, 698 S.E.2d 773 (2010), which was filed less than two weeks after the arbitration award was filed.  The trial court in *Mathis* awarded damages under the Act for prospective wages.  *Id.* at 304, 698 S.E.2d at 775.  In reversing, our supreme court examined the language of the Act, the interpretation of similar statutes by the majority of other jurisdictions, and the argument advanced by amici before concluding the Act did not apply to prospective wages.  *Id.* at 318-19, 698 S.E.2d at 783-84.  At the time the arbitrators filed the award in this case, they did not have the benefit of the *Mathis* decision, and the case law on whether prospective wages were recoverable under the Act was not well defined or explicit.  "[F]or a court to vacate an arbitration award based upon an arbitrator's manifest disregard of the law, the governing law ignored by the arbitrator must be well defined, explicit, and clearly applicable."  *Gissel*, 382 S.C. at 241, 676 S.E.2d at 323.  We find no manifest disregard by the arbitration panel.

**AFFIRMED.**

**FEW, C.J., and HUFF and SHORT, JJ., concur.**