**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Estate of Richard Ladson, Jr., by and through Personal Representative Richard Miles Ladson, Sr., POA, Respondent,

v.

THI of South Carolina at Charleston, LLC d/b/a Riverside Health and Rehab, Appellant.

Appellate Case No. 2019-001413

_____

Appeal From Charleston County
Jennifer B. McCoy, Circuit Court Judge

_____

Unpublished Opinion No. 2022-UP-169
Submitted March 1, 2022 – Filed April 6, 2022

_____

**AFFIRMED**

_____

Stephen Lynwood Brown, Russell Grainger Hines, and Donald Jay Davis, Jr., all of Clement Rivers, LLP, of Charleston, for Appellant.

Carl Everette Pierce, II, Benjamin Catlett Smoot, II, and Carl Everette Pierce, III, all of Pierce, Sloan, Wilson, Kennedy & Early, LLC, of Charleston, for Respondent.

_____

**PER CURIAM:** THI of South Carolina at Charleston, LLC, d/b/a Riverside Health and Rehab (THI) appeals the circuit court's order denying its motion to compel arbitration. On appeal, THI argues the circuit court erred in denying its motion because the merger of the at-issue arbitration agreement (Arbitration Agreement) with the admission agreement (Admission Agreement) equitably estopped Richard Ladson, Jr.'s estate from denying the validity of the arbitration agreement. We affirm.

The circuit court did not err in denying THI's motion to compel arbitration because the admission agreement and the arbitration agreement did not merge. *See Berry v. Spang*, 433 S.C. 1, 9, 855 S.E.2d 309, 314 (Ct. App. 2021) ("Appeal from the denial of a motion to compel arbitration is subject to de novo review." (quoting *New Hope Missionary Baptist Church v. Paragon Builders*, 379 S.C. 620, 625, 667 S.E.2d 1, 3 (Ct. App. 2008))), *petition for cert. filed* (S.C. Apr. 23, 2021); *Wilson v. Willis*, 426 S.C. 326, 335, 827 S.E.2d 167, 172 (2019) ("Whether an arbitration agreement may be enforced against a nonsignatory to the agreement is a matter subject to de novo review by an appellate court."); *Berry*, 433 S.C. at 9, 855 S.E.2d at 314 ("[A] circuit court's factual findings will not be reversed on appeal if any evidence reasonably supports the findings." (quoting *Gissel v. Hart*, 382 S.C. 235, 240, 676 S.E.2d 320, 323 (2009))); *Coleman v. Mariner Health Care, Inc.*, 407 S.C. 346, 355, 755 S.E.2d 450, 455 (2014) (concluding that by their own terms, language in the admission agreement that "recognize[d] the 'separatedness' of the two documents[, i.e. the arbitration agreement and the admission agreement]" and a clause allowing the arbitration agreement to "be disclaimed within thirty days of signing while the admission agreement could not" indicated the parties' intention "that the common law doctrine of merger not apply"); *Hodge v. UniHealth Post-Acute Care of Bamberg, LLC*, 422 S.C. 544, 562-63, 813 S.E.2d 292, 302 (Ct. App. 2018) (determining an admission agreement and arbitration agreement did not merge because the fact "the Admissions Agreement indicated it was governed by South Carolina law, whereas the Arbitration Agreement stated it was governed by federal law," "each document was separately paginated and had its own signature page," and "the Arbitration Agreement stated signing it was not a precondition to admission" evidenced the parties' intention the documents be construed as separate instruments). Because the documents did not merge, we need not address THI's equitable estoppel argument. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (ruling an appellate court need not address remaining issues when its resolution of a prior issue is dispositive); *Coleman*, 407 S.C. at 356, 755 S.E.2d at 455 ("Since there was no merger here, appellants' equitable estoppel argument was properly

denied by the circuit court."); *Hodge*, 422 S.C. at 563, 813 S.E.2d at 302 (concluding "equitable estoppel would only apply if documents were merged").

**AFFIRMED.**[1]

**WILLIAMS, C.J., and KONDUROS and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.