**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Vermell Daniels, as Personal Representative of the Estate of Annie Porter, Respondent,

v.

THI of South Carolina at Columbia, LLC, d/b/a Midlands Health & Rehabilitation Center, Appellant.

Appellate Case No. 2020-000501

———————

Appeal From Richland County
L. Casey Manning, Circuit Court Judge

———————

Unpublished Opinion No. 2022-UP-313
Submitted June 1, 2022 – Filed July 27, 2022

———————

**AFFIRMED**

———————

Stephen Lynwood Brown, Russell Grainger Hines, Donald Jay Davis, Jr., and Gaillard Townsend Dotterer, III, all of Clement Rivers, LLP, of Charleston, for Appellant.

Daniel Nathan Hughey, Arthur Stuart Hudson, and Bradley Hunter Banyas, all of Hughey Law Firm, LLC, of Mount Pleasant, for Respondent.

———————

**PER CURIAM:** THI of South Carolina at Columbia, LLC, d/b/a Midlands Health & Rehabilitation Center (THI) appeals the circuit court's order denying its motion to dismiss and compel arbitration. On appeal, THI argues the circuit court erred (1) because the merger of the at-issue arbitration agreement with the admission agreement equitably estopped Vermell Daniels, as the personal representative of the estate of her mother, Annie Porter, from denying the validity of the arbitration agreement and (2) in denying its alternative request to allow limited discovery. We affirm.

1. We hold the circuit court did not err in denying THI's motion to dismiss and compel arbitration because the admission agreement and the arbitration agreement did not merge. *See Berry v. Spang*, 433 S.C. 1, 9, 855 S.E.2d 309, 314 (Ct. App. 2021) ("Appeal from the denial of a motion to compel arbitration is subject to de novo review." (quoting *New Hope Missionary Baptist Church v. Paragon Builders*, 379 S.C. 620, 625, 667 S.E.2d 1, 3 (Ct. App. 2008))); *Wilson v. Willis*, 426 S.C. 326, 335, 827 S.E.2d 167, 172 (2019) ("Whether an arbitration agreement may be enforced against a nonsignatory to the agreement is a matter subject to de novo review by an appellate court."); *Berry*, 433 S.C. at 9, 855 S.E.2d at 314 ("[A] circuit court's factual findings will not be reversed on appeal if any evidence reasonably supports the findings." (quoting *Gissel v. Hart*, 382 S.C. 235, 240, 676 S.E.2d 320, 323 (2009))); *Coleman v. Mariner Health Care, Inc.*, 407 S.C. 346, 355, 755 S.E.2d 450, 455 (2014) (concluding that language in the admission agreement that "recognize[d] the 'separatedness' of the [arbitration agreement] and the admission agreement" plus a clause allowing the arbitration agreement to "be disclaimed within thirty days of signing while the admission agreement could not" indicated the parties' intention "that the common law doctrine of merger not apply"); *Hodge v. UniHealth Post-Acute Care of Bamberg, LLC*, 422 S.C. 544, 562-63, 813 S.E.2d 292, 302 (Ct. App. 2018) (determining an admission agreement and arbitration agreement did not merge because the facts "the Admissions Agreement indicated it was governed by South Carolina law, whereas the Arbitration Agreement stated it was governed by federal law," "each document was separately paginated and had its own signature page," and "the Arbitration Agreement stated signing it was not a precondition to admission" evidenced the parties' intention the documents be construed as separate instruments). Because the documents did not merge, we need not address THI's equitable estoppel argument or its argument related to consideration and mutuality. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (stating an appellate court need not address remaining issues when its resolution of a prior issue is dispositive); *Coleman*, 407 S.C. at 356, 755 S.E.2d at 455 ("Since there was no merger here, appellants' equitable estoppel argument was

properly denied by the circuit court."); *Hodge*, 422 S.C. at 563, 813 S.E.2d at 302 (concluding "equitable estoppel would only apply if documents were merged").

2.  We hold the circuit court did not abuse its discretion in denying THI's alternative request for limited discovery.  THI failed to present an argument to the circuit court or on appeal as to why discovery was likely to uncover relevant evidence supporting its position regarding authority and agency.  *See Stokes-Craven Holding Corp. v. Robinson*, 416 S.C. 517, 536, 787 S.E.2d 485, 495 (2016) ("A trial court's rulings in matters related to discovery generally will not be disturbed on appeal in the absence of a clear abuse of discretion."); *id.* ("An abuse of discretion occurs when the trial court's order is controlled by an error of law or when there is no evidentiary support for the trial court's factual conclusions."); *Baughman v. Am. Tel. and Tel. Co.*, 306 S.C. 101, 112, 410 S.E.2d 537, 544 (1991) (discussing, in the context of summary judgment, the necessity that the party requesting discovery "demonstrate[] a likelihood that further discovery will uncover additional evidence relevant to the issue").

**AFFIRMED.**[1]

**WILLIAMS, C.J., and KONDUROS and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.