**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Wanderlove Travel, LLC, Respondent,

v.

Avanti Destinations, LLC, Appellant.

Appellate Case No. 2020-001449

Appeal From York County
Daniel Dewitt Hall, Circuit Court Judge

Unpublished Opinion No. 2023-UP-032
Submitted January 1, 2023 – Filed February 1, 2023

**AFFIRMED**

Daniel Joseph Ballou and James Nathanial Pierce, both
of Morton & Gettys, LLC, of Rock Hill, for Appellant.

F. Craig Wilkerson, Jr., of F. Craig Wilkerson, Jr., LLC,
of Rock Hill, for Respondent.

**PER CURIAM:** Avanti Destinations, LLC (Avanti), a travel package broker, appeals a circuit court order denying its motion to compel arbitration against Wanderlove Travel, LLC (Wanderlove), a travel agency. On appeal, Avanti argues

the arbitration agreement was valid and enforceable because Wanderlove had notice of the agreement. We affirm.

We hold the arbitration clause contained within the terms and conditions (Terms and Conditions) on Avanti's website did not constitute a valid and enforceable arbitration agreement. *See Berry v. Spang*, 433 S.C. 1, 9, 855 S.E.2d 309, 314 (Ct. App. 2021) ("Appeal from the denial of a motion to compel arbitration is subject to de novo review.") (quoting *New Hope Missionary Baptist Church v. Paragon Builders*, 379 S.C. 620, 625, 667 S.E.2d 1, 3 (Ct. App. 2008)); *id.* ("[A] circuit court's factual findings will not be reversed on appeal if any evidence reasonably supports the findings." (quoting *Gissel v. Hart*, 382 S.C. 235, 240, 676 S.E.2d 320, 323 (2009))); *Towles v. United HealthCare Corp.*, 338 S.C. 29, 37, 524 S.E.2d 839, 843-44 (Ct. App. 1999) ("Arbitration is available only when the parties involved contractually agree to arbitrate."); *Lampo v. Amedisys Holding, LLC*, 437 S.C. 236, 242, 877 S.E.2d 486, 489 (Ct. App. 2022) ("Whether the parties have formed an agreement to arbitrate is determined by applying South Carolina contract law."); *id.* ("The familiar requisites to a binding contract are a meeting of the minds of the parties as to all essential and material terms, supported by consideration."); *id.* at 242, 877 S.E.2d at 489-90 ("A party cannot assent to something he does not know about, so the law in general requires that for an offer to be effective, the responding party must have reasonable notice of the offer's terms."). To book services through Avanti's website, a travel agent was required to create an account and would subsequently be directed to a portal designed specifically for travel agents. The portal's home page displayed several tabs, including one entitled "Legal," which contained, in a drop-down menu, Avanti's Terms and Conditions. The Terms and Conditions included an arbitration clause and a notice that continued use of the portal constituted an agreement to the Terms and Conditions. Wanderlove's principal stated that in four years of using Avanti's website, she never viewed the Terms and Conditions. Further, nothing in the record suggested Wanderlove's principal was ever directed to view the Terms and Conditions to book services or use Avanti's website or was otherwise made aware of the Terms and Conditions. Thus, we find she did not have reasonable notice of the terms of the agreement and did not agree to the arbitration clause.

**AFFIRMED.**[1]

**GEATHERS, MCDONALD, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.