**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Thomas H. Morgan, Respondent,

v.

John L. Gilbert, Stuart L. Fred, Bella Vista Partnership, A Texas General Partnership, Bomasada Group, Inc., A Texas Corporation, Bomasada Investment Group II, LLC, A Texas Limited Liability Company, Lauralis Management, Inc., A Texas Corporation, and 150 Bee Street, LLC, A South Carolina Limited Liability Company, Defendants,

Of which John L. Gilbert, Stuart L. Fred, Bella Vista Partnership, A Texas General Partnership, Bomasada Group, Inc., A Texas Corporation, Bomasada Investment Group II, LLC, A Texas Limited Liability Company, and Lauralis Management, Inc., A Texas Corporation are the Appellants.

Appellate Case No. 2024-000322

———————

Appeal From Charleston County
Bentley Price, Circuit Court Judge

———————

Unpublished Opinion No. 2025-UP-098
Submitted March 1, 2025 – Filed March 26, 2025

———————

**AFFIRMED**

———————

Henry E. Grimball, Matthew Tillman, Morris Arthur Ellison, and Michael Rhett DeHart, all of Womble Bond Dickinson (US) LLP, of Charleston, for Appellants.

Michael T. Rose, of Mike Rose Law Firm, PC, of Summerville; W. Andrew Gowder, Jr., of Austen & Gowder LLC, of Charleston; and Christopher Blohme Staubes, III, of Staubes Law Firm, LLC, of Charleston, all for Respondent.

---

**PER CURIAM:** John L. Gilbert, Stuart L. Fred, Bella Vista Partnership, A Texas General Partnership, Bomasada Group, Inc., A Texas Corporation, Bomasada Investment Group II, LLC, A Texas Limited Liability Company, and Lauralis Management, Inc., A Texas Corporation (collectively, Appellants) appeal the circuit court's order denying their motion to vacate or modify an arbitration panel's final arbitration award and confirming the arbitration award. On appeal, Appellants argue the circuit court erred in (1) failing to find that neither the arbitration panel nor the circuit court had subject matter jurisdiction and (2) failing to find the action was barred by the applicable statute of limitations. We affirm pursuant to Rule 220(b), SCACR.

1. We hold both the circuit court and arbitration panel had subject matter jurisdiction over this matter. *See Pierce v. State*, 338 S.C. 139, 150, 526 S.E.2d 222, 227 (2000) ("Subject matter jurisdiction is the power of a court to hear and determine cases of the general class to which the proceedings in question belong."). First, the circuit court had subject matter jurisdiction because this is a derivative action and the circuit court has the power to hear such cases. *See Dema v. Tenet Physician Servs.-Hilton Head, Inc.*, 383 S.C. 115, 120, 678 S.E.2d 430, 433 (2009) ("South Carolina trial courts are vested with general original jurisdiction in civil and criminal cases, except those cases in which exclusive jurisdiction shall be given to inferior courts."); *see generally* Rule 23(b)(1), SCRCP (providing a shareholder may bring a derivative action to enforce the right of a corporation when the corporation has failed to enforce its own right). Further, the failure to include a party does not automatically deprive the court of subject matter jurisdiction; rather, when there has been a failure to join an indispensable party, the result is to join the party, not to dismiss for a lack of subject matter jurisdiction, and here, the arbitration panel permitted the addition of the party. *See Charleston Cnty. Parents for Pub. Sch., Inc. v. Moseley*, 343 S.C. 509, 514, 541

S.E.2d 533, 535 (2001) ("[T]he remedy under Rule 19, SCRCP is for the Court to make the Charleston Delegation a party, not to dismiss the action."). Second, the arbitration panel had subject matter jurisdiction because the consent order provided the parties agreed to arbitrate "[a]ll claims, both compulsory and non-compulsory, specifically including all claims, counter-claims, and/or third-party claims" relating to the subject matter of this case, and agreed that "all of the parties submit themselves to the jurisdiction of this court and the arbitration panel." *See e.g. Trident Tech. Coll. v. Lucas & Stubbs, Ltd.*, 286 S.C. 98, 106, 333 S.E.2d 781, 786 (1985) ("An arbitrator exceeds his powers and authority when he attempts to resolve an issue that is not arbitrable because it is outside the scope of the arbitration agreement.").

2. We hold the circuit court did not err in denying Appellants' motion to vacate the arbitration award on the basis of the statute of limitations barring Morgan's claim and confirming the final arbitration award. *See Gissel v. Hart*, 382 S.C. 235, 241, 676 S.E.2d 320, 323 (2009) ("Generally, an arbitration award is conclusive and courts will refuse to review the merits of an award. An award will be vacated only under narrow, limited circumstances."); *id.* ("An arbitrator's award may only be vacated when the arbitrator exceeds his or her powers and/or manifestly disregards or perversely misconstrues the law."). The determination of when the statute of limitations began to run as well as whether the doctrine of equitable estoppel applied was a question of fact for the arbitration panel to decide. *See Moore v. Benson*, 390 S.C. 153, 161, 700 S.E.2d 273, 277 (Ct. App. 2010) ("According to the discovery rule, the statute of limitations begins to run when a person could or should have known, through the exercise of reasonable diligence that a cause of action might exist."); *Allwin v. Russ Cooper Assocs., Inc.*, 426 S.C. 1, 13, 825 S.E.2d 707, 713 (Ct. App. 2019) ("[W]hen the parties present conflicting evidence, application of the discovery rule and the determination of the date the statute began to run in a particular case are questions of fact . . . ."); *Regions Bank v. Schmauch*, 354 S.C. 648, 675, 582 S.E.2d 432, 446 (Ct. App. 2003) (holding that as to the application of the doctrine of equitable estoppel, "[w]hether the actions lulled the plaintiff into 'a false sense of security' is usually a question of fact" (quoting *Dillon Cnty. Sch. Dist. No. Two v. Lewis Sheet Metal Works, Inc.*, 286 S.C. 207, 218, 332 S.E.2d 555, 561 (Ct. App. 1985), *overruled on other grounds by Atlas Food Sys. v. Crane Nat'l Vendors*, 319 S.C. 556, 462 S.E.2d 858 (1995))). Although Appellants argued to the panel that the date Morgan threatened to sue was the date the statute of limitations began to run, Morgan contended he did not know he had grounds for a suit until he visited Bomasada's headquarters in 2011 due to Appellants' deception and obfuscation of financial records. Appellants failed to show the arbitration panel, in deciding this question of fact, knowingly ignored well-defined,

and clearly applicable law; likewise, the final award can be reconciled with at least barely colorable factual inferences from the record. *See Gissel*, 382 S.C. at 241, 676 S.E.2d at 323 ("[F]or a court to vacate an arbitration award based upon an arbitrator's manifest disregard of the law, the governing law ignored by the arbitrator must be well-defined, explicit, and clearly applicable."); *Waldo v. Cousins*, 442 S.C. 662, 665, 901 S.E.2d 276, 278 (2024) ("This standard is met only when the award is the product of an intentional or reckless flouting of the law, not a mere error in interpreting it."); *id.* ("This complements the well-known rule that the form of the award need not be accompanied by any reasoning, so long as the award can be reconciled with factual inferences and legal conclusions that are at least 'barely colorable.'" (quoting *Trident Tech. Coll.*, 286 S.C. at 111, 333 S.E.2d at 789)).

**AFFIRMED.**[1]

**THOMAS, HEWITT, and CURTIS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.