### 21095

ROBERTA, INC., Appellant, v. Alice Kydd TRUST and Alice B. Kydd as Trustee, Respondents.

(260 S. E. (2d) 818)

*Matthew A. Henderson* and *Ruth L. Cate*, of *Henderson, Lister, Couch, Brandt & Cate,* Spartanburg, *for appellant.*

*James R. Thompson,* of *Saint-Amand, Thompson & Brown,* Gaffney, *for respondents.*

November 29, 1979.

LEWIS, Chief Justice:

Appellant, an unlicensed residential home builder, entered into a contract to construct a house for respondent; and brought this action to recover amounts paid to third parties for labor and materials furnished in the performance of the contract. This appeal is from an order of summary judgment holding that this action was barred by the provisions of Section 40-59-130 of the 1976 Code of Laws, since appellant was not licensed as required by Code Section 40-59-70.

Section 40-59-70 requires residential home builders to obtain a license in order to do business in this State; and Code Section 40-59-130 provides, in part, that "no residential home builder who does not have the license required herein may bring any action either at law or in equity to enforce the provisions of any contract for residential home building which he entered into in violation of this chapter."

We held in *Duckworth v. Cameron*, 270 S. C. 647, 244 S. E. (2d) 217, in accordance with the foregoing statutes, that any builder who violates the Code provisions by entering into a contract for home construction without obtaining the required license cannot enforce the contract.

Appellant, conceding that the statute which prohibits an unlicensed builder from enforcing the contract bars any action for services rendered by it, either on the theory of contract, *quantum meruit,* or unjust enrichment, contends that the statute should not be so construed as to bar recovery by an unlicensed builder for amounts paid to third parties for labor and materials used in construction, at least, to the extent that the landowner was benefited. In other words, appellant argues that the statute should be construed to prevent any benefit or profit to the unlicensed builder, but should not bar recovery for labor and materials used in the construction from which the unlicensed builder received no

profit and from which the landowner received a benefit. We find no basis in the statute for this construction.

The recovery sought in this action is for work and material contracted to be furnished by appellant in the construction of respondent's house. The fact that the work and materials, for which recovery is sought, were furnished by appellant through third parties does not render the bar of the statute any less applicable. Regardless of the language used to state the theory of attempted recovery, the undisputed fact remains that appellant brings this action ot enforce payment under the contract to build a residence for respondent. Since appellant was an unlicensed builder, it cannot "bring an action" to enforce the provisions of the building contract, including one to recover, as here, for amounts paid by it to third parties in the performance of the contract. This is the scope of the plain language of the statute. We have no authority to change it.

Judgment is affirmed.

LITTLEJOHN, NESS, RHODES and GREGORY, JJ., concur.