1181

James WAGNER, Appellant v. Nancy W. GRAHAM and First South
Savings Bank, Inc., Respondents.

(370 S. E. (2d) 95)

Court of Appeals

*Jean P. Derrick*, Lexington, *for appellant.*

*Charles B. Bowers*, Columbia, *for respondents.*

Heard May 17, 1988.

Decided June 27, 1988.

LITTLEJOHN, Acting Associate Judge:

In this Mechanics Lien foreclosure action, the Plaintiff-Appellant Wagner (Contractor) seeks to recover $23,126.17 from the Defendant-Respondent Nancy W. Graham (Homeowner). The proceeding grows out of an agreement whereby the Contractor agreed to build a residence for the Homeowner. The Contractor did not have a license issued by the South Carolina Residential Home Builders Commission as required by § 40-59-10 *et seq.* South Carolina Code of Laws 1976. Section 40-59-130 provides in part:

> Any residential home builder who undertakes or attempts to undertake the business of residential home building without first having procured a valid license ... shall [be] (sic) deemed guilty of a misdemeanor and upon conviction shall be fined not less than one hundred dollars or imprisoned for not less than thirty days.
>
> No residential home builder who does not have the license required herein may bring any action either at law or in equity to enforce the provisions of any contract for residential home building which he entered into in violation of this chapter.

The Homeowner pleads this statutory law as a bar to recover. The case came to be tried before a jury. At the end of the Contractor's presentation of evidence, the trial judge granted a directed verdict on motion of counsel of the Homeowner upon the ground that the action was brought to enforce a contract in contravention of § 40-59-130. The Contractor has appealed. We affirm.

Several exceptions have been included in the record. The only issue before this Court, as taken from the Contractor's brief, is as follows:

> The trial judge erred in directing a verdict against appellant, in that the facts show that respondents

should be estopped from asserting the bar of Section 40-59-130.

It is submitted that the Homeowner should not be given the benefit of the statute because she knew that the Contractor did not have a license. In pursuit of reversal, counsel for the Contractor argues general propositions of estoppel law with which we have no quarrel. The law of estoppel is simply inapplicable to the facts of this case. Assuming, without so deciding, that it might be found by the preponderance of the evidence that the Homeowner was at the time of agreement aware of the fact that the Contractor did not have a license, it would be of no comfort to the Contractor. The statute, as enacted by the Legislature, is for the benefit of the public. *Watson v. Harmon*, 280 S. C. 214, 312 S. E. (2d) 8 (1984). If one might avoid the impact of the statute by applying the law of estoppel, one could, by a similar reasoning, avoid the act by agreement between the Contractor and Homeowner. Clearly this would not be allowed.

The intent of the Legislature to protect the public by requiring home builders to be licensed is emphasized by that portion of the statute quoted above which makes a violation of the act a criminal offense. Construction of this statute has been before our appellate courts on several occasions. See, *Henderson v. Evans*, 268 S. C. 127, 232 S. E. (2d) 331 (1977); *Watson v. Harmon, supra; Roberts, Inc. v. Trust*, 274 S. C. 53, 260 S. E. (2d) 818 (1979); *Columbia Pools, Inc. v. Moon*, 284 S. C. 145, 325 S. E. (2d) 540 (1985); and *Duckworth v. Cameron*, 270 S. C. 647, 244 S. E. (2d) 217 (1978). The Court has consistently honored the statute even though the result in some of the cases appears to be drastic.

We hold the statute applicable and that the trial judge correctly ruled the Contractor could not recover.

Affirmed.

SANDERS, C. J., and SHAW, J., concur.