1732

COSTA AND SONS CONSTRUCTION COMPANY, INC., Respondent v.
Paula LONG and Lonnie Long, Appellants.

(412 S.E. (2d) 450)

Court of Appeals

*John B. Thomas* and *Joseph W. Ginn, III* of *Thomas & Ginn,* Charleston, *for appellants.*

*George J. Morris,* and *Albert A. Lacour, III* of *Clawson & Staubes,* Charleston, *for respondent.*

Heard Oct. 15, 1991.

Decided Dec. 2, 1991.

CURETON, Justice:

This is an action between a contractor and a homeowner. The contractor, Costa and Sons Construction Company, Inc., alleges the homeowners, Paula and Lonnie Long, owe money to the company for renovations to their home. The Longs deny the allegations and counterclaim for damages as a result of poor construction by Costa. The case was heard by the court without a jury. The trial judge rendered a judgment in favor of Costa and against the Longs. They appeal. We affirm.

## I.

Morrow Costa, a principal in Costa and Sons Construction Company, and the Longs were friends. Lonnie Long is an architect. He and his wife had previously purchased houses and renovated them for resale purposes. The Longs purchased a house in Charleston County and approached Costa for assistance in estimating the cost of renovations. They originally planned to do the renovations themselves. Costa gave the Longs an estimate of $55,464 based upon plans prepared by Long. Costa testified the estimate of labor and materials was not a formal bid by his company but was an effort on his part to assist friends in determining the cost of planned renova-

tions. Shortly after the estimate was prepared the parties agreed Costa's company would perform the work. No written contract was executed. During the work certain changes were made to the original plans. Changes were apparently verbal or reflected on other drawings as provided by the Longs. The Longs paid Costa $58,500. After Costa finished work on the renovations this dispute arose. Costa claimed the Longs still owed $33,968.01 to his company. The Longs claimed they owed nothing to Costa because their agreement had been a lump sum contract for $55,464 and once proper calculations were made for extras and deductions Costa had already been overpaid.

The trial judge awarded Costa judgment of $23,330.10. Costa testified and introduced an exhibit which utilized the original estimate and calculated amounts for extras and credits to arrive at a figure Costa claimed was still owed. Costa included in his calculation a figure for overhead. Mr. Long denied any agreement on overhead. The trial judge held the parties had not agreed to include overhead and therefore deleted this amount from Costa's claim to arrive at the award.

The Longs argue the trial court erred in interpreting the evidence regarding their agreement with Costa. Costa testified the agreement was his company would be compensated for material and labor to perform the work. He also testified the Longs agreed to compensate him for "overhead." The Longs contend they had a lump sum contract with Costa for $55,464. They agreed Costa would be reasonably compensated for changes to the original plans but they contend many of the extras claimed by Costa were or should have been included in the original estimate. They also claim Costa did not give them proper credit for changes in the plans which constituted deductions from the original contract.

From the trial judge's cursory order it appears he concluded there was no meeting of the minds as to an express contract. He then proceeded to find an implied in law or quasi-contract. He inferentially determined that the reasonable value of the work performed by Costa was $81,830.10 (i.e. the $58,500 already received by Costa plus $23,330.10 awarded in the trial court's order).

The general law is that where, as here, an express contract fails because the minds of the parties did not meet as to the essential terms, the laborer or contractor may still recover the reasonable value of the labor and materials furnished. 66 Am. Jur. (2d) *Restitution And Implied Contracts* §§ 7 and 21 (1973); *Braswell v. Heart of Spartanburg Hotel,* 251 S.C. 14, 159 S.E. (2d) 848 (1968); see *U.S. for use of Altman v. Young Lumber Co.,* 376 F. Supp. 1290 (D.S.C. 1974). The Longs take no exception to the trial court's holding that Costa should recover on an implied in law or quasi-contract, but rather argue the sufficiency of the evidence to support an express contract for the amount of the trial court's award.

It appears to us the long and short of these parties' contentions as to the value of the labor and materials furnished by Costa involves a question of credibility of the witnesses and the weighing of other evidence. The trial judge believed Costa's evidence over that of the Longs. We recognize that in an equity case we may make our own findings of fact based on the preponderance of the evidence.[1] As a practical matter, however, we are impotent to determine questions of credibility and must defer to the good judgment of the trial court who heard and observed the witnesses. *Buffkin v. Strickland,* 280 S.C. 343, 312 S.E. (2d) 579 (Ct. App. 1984); *Segars v. Segars,* 279 S.C. 564, 310 S.E. (2d) 156 (Ct. App. 1983). Making allowances for credibility determinations, we hold the evidence supports the trial judge's ruling that the reasonable value of the labor performed and materials furnished by Costa to the Longs was $81,830.10 and Costa is entitled to recover the additional sum of $23,330.10.

As pertains to the counterclaim, we affirm the trial court. We note again that like their defense to Costa's complaint, the Longs base their counterclaim on a breach of an express agreement between the parties. The efficacy of their claim wanes with the unappealed finding that there was no express

---

[1] Implied in law or quasi-contracts are not considered contracts at all, but are akin to restitution which permits recovery of that amount the defendant has been benefitted at the expense of the plaintiff in order to preclude unjust enrichment. *Ellis v. Smith Grading and Paving, Inc.,* 294 S.C. 470, 366 S.E. (2d) 12 (Ct. App. 1988); *Stanley Smith & Sons v. Limestone College,* 283 S.C. 430, 322 S.E. (2d) 474 (Ct. App. 1984).

contract. The allegations of deficient and untimely performance of the work would, however, affect its value to the Longs. The trial judge held the Longs had failed to prove their counterclaim by the preponderance of the evidence and dismissed it. We sustain his dismissal. Like Costa's claim, the evidence on the counterclaim was conflicting and must be weighed in light of credibility assessments. Such assessments can best be made by the trial judge. We defer to those assessments and hold that the preponderance of the evidence shows the Longs are not entitled to recover on their counterclaim.

## II.

The Longs also appeal the denial of their post-trial motion. They filed a motion under S.C. Rule of Civil Procedure 59 asserting the court should set aside the judgment because Costa and Sons Construction Company was not a licensed general contractor nor a licensed residential homebuilder. Under *S.C. Code Ann.* § 40-59-130 (Rev. 1986), an unlicensed residential homebuilder may not bring an action to enforce the provisions of a contract. *Wagner v. Graham,* 296 S.C. 1, 370 S.E. (2d) 95 (App. 1988). The trial court denied the motion holding the Longs showed a lack of diligence in raising the matter until after trial. The court also held Morrow Costa, a principal of Costa and Sons Construction Co., Inc., had a general contractor's license in his name and therefore the corporation was authorized to perform the work in issue.

The Longs did not plead lack of a license in their answer. The issue was not raised during the trial. The Longs argue application of the statute related to subject matter jurisdiction which can be raised at any time. We disagree. The court of common pleas has subject matter jurisdiction over quasi-contractual disputes. The statutory prohibition is in the nature of an affirmative defense precluding enforcement of the contract which should be pled by a homeowner. Rule 8(c), SCRCP. The Longs seem to argue the lack of a license was newly discovered evidence after trial. The trial court found a lack of diligence by the Longs. The transcript of the motion hearing indicates the Longs received information by letter from the Licensing Board. It does not indicate when the Longs requested the information. We affirm the trial court's denial of the motion on this basis. There is no

evidence the alleged lack of a license could not have been discovered by the Longs during the pretrial stages of the case or even during the three day trial.

Finally, we agree with the trial judge that maintenance of a general contractor's license by Morrow Costa, who testified he owned Costa and Sons Construction Co., Inc., is sufficient compliance with *S.C. Code Ann.* § 40-59-140 (Rev. 1986). This section exempts any person licensed as a general contractor from the requirements of the residential home builders statutes.

The decision of the trial court is affirmed.

BELL, J., and LITTLEJOHN, Acting Judge, concur.

