■ In the Matter of STATE FARM FIRE & CASUALTY COMPANY, Appellant, v ASSURANCE COMPANY OF AMERICA/ZURICH, U.S., Respondent. [714 NYS2d 753] —In a proceeding pursuant to CPLR

article 75 to stay arbitration, the petitioner appeals (1) from an order of the Supreme Court, Nassau County (Segal, J.), dated July 15, 1999, which denied the petition and granted the respondent's cross petition to compel arbitration, and (2), as limited by its brief, from so much of an order of the same court, dated September 27, 1999, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated July 15, 1999, is dismissed, as that order was superseded by the order dated September 27, 1999, made upon reargument; and it is further,

Ordered that the order dated September 27, 1999, is affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs.

Article First of the Special Arbitration Agreement, to which both the petitioner and the respondent are signatory companies, provides, in relevant part, that the signatories agree "[t]o forego litigation and arbitrate unresolved disputes between two or more signatories wherein each has issued: (a) a policy of casualty insurance covering one or more of a number of parties each asserted to be legally liable for an accident or occurrence out of which a claim or suit for bodily injury or property damage * * * arises". An unresolved dispute has been presented here which, pursuant to Article First, is arbitrable. There is no merit to the petitioner's contention that the respondent waived its right to arbitrate by asserting a claim in a judicial forum.

The remaining issues raised by the petitioner, including whether the respondent's claim is barred by General Obligations Law § 15-108 (c) and/or whether the provisions of that statute were waived, are matters for the arbitrator to determine (*see, Matter of Board of Educ. v Deer Park Teachers Assn.,* 50 NY2d 1011). O'Brien, J. P., Altman, Krausman and Goldstein, JJ., concur.