■ In the Matter of SPEAR, LEEDS & KELLOGG, Respondent, v BULLSEYE SECURITIES, INC., et al., Appellants. [738 NYS2d 27] —Order and judgment (one paper), Supreme Court, New York County (Walter Tolub, J.), entered on or about August 9, 2000, which, insofar as appealed from, granted the petition to vacate so much of an arbitration award of the National Association of Securities Dealers Regulation, Inc. awarding individual appellants Joseph Roffler and Eva Roffler $1,250,000 in compensatory damages, denied that branch of appellants' cross motion to confirm that aspect of the award, and remanded the matter for a new hearing before the National Association of Securities Dealers Regulation, Inc., unanimously affirmed, without costs. Appeal from order, Supreme Court, New York County (Walter Tolub, J.), entered on or about January 8, 2001, which denied appellants' motion for, in effect, reargument, unanimously dismissed, without costs, as no appeal lies from an order denying reargument.

Appellant Bullseye Securities, Inc. (hereinafter Bullseye), co-owned and operated by appellants Joseph and Eva Roffler, was a securities trading firm employing traders on and off the floor of the American Stock Exchange, Inc. Respondent Spear, Leeds & Kellogg (hereinafter SLK) provided securities clearing services pursuant to an agreement with Bullseye which allowed Bullseye to open subaccounts under its master account with SLK.

Bullseye claimed, inter alia, that from late 1993 through 1995, Pasquale Schettino, then managing director of SLK, engaged in unauthorized trading which caused Bullseye to sustain losses, resulting in the improper liquidation of Bullseye by SLK. In an amended statement of claim, Bullseye and the Rofflers asserted a myriad of allegations, including wrongful liquidation, unauthorized, risky and unsolicited trading, breach of agreement, breach of covenant of good faith and fair dealing, and failing to supervise Schettino. All the claims, with the exception of one which is not relevant to this appeal, alleged that only Bullseye had suffered monetary damage as a result of the alleged misconduct.

The parties proceeded to arbitration on their respective claims after which the Arbitration Panel found, inter alia, that SLK was liable to Joseph and Eva Roffler in the sum of $1,250,000 in compensatory damages and all claims against Schettino were denied. One arbitrator, the only lawyer on the panel, dissented from the award to the Rofflers. SLK moved to vacate that portion of the award which directed payment to the Rofflers individually, claiming that aspect of the award was in

manifest disregard of the law and the evidence, and also exceeded the arbitrators' authority. Appellants cross-moved to confirm the award.

We agree with the Supreme Court that the matter should be remanded for a new hearing on the issue of whether the Rofflers are entitled to compensatory damages in the amount of $1,250,000. Initially, the panel exceeded its authority by granting relief on claims not asserted in the amended statement of claim, and the matter was therefore properly remanded (see, Hyle v Doctor's Assoc., 198 F3d 368). Even if, as appellants contend, the statement of claim can be viewed also as an assertion of individual claims, individual claimants, as a matter of law, cannot assert a cause of action to recover for wrongdoing done to a corporation (see, Uribe v Merchants Bank of N.Y., 239 AD2d 128, affd 91 NY2d 336). Thus, that aspect of the award, rendered without explanation, was properly vacated as "manifest disregard" of the law (see, Halligan v Piper Jaffray, Inc., 148 F3d 197, 204, cert denied 526 US 1034; see also, Matter of Heifetz, 227 AD2d 623, lv denied 88 NY2d 815 [arbitration award may not be vacated unless it is totally irrational]). Although arbitrators have no obligation to explain their awards, "when a reviewing court is inclined to hold that an arbitration panel manifestly disregarded the law, the failure of the arbitrators to explain the award can be taken into account" (Halligan, supra, 148 F3d at 204).

Finally, the arbitration award is inherently inconsistent. The gravamen of appellants' claim against SLK was predicated upon Schettino's conduct. However, the arbitrators, again without explanation, specifically denied all of appellants' numerous claims against Schettino. Where, as here, there is no independent basis for finding SLK solely liable for over a million dollars in damages, apart from one grounded upon the negligence of its employee, the award must be set aside as irrational (cf., Matter of Donald & Co. Sec. [Jones], 270 AD2d 56). Concur—Mazzarelli, J.P., Andrias, Ellerin, Buckley and Marlow, JJ.