■ State Farm Insurance Company, Respondent, v Pennsylvania Manufacturers' Association Insurance Company, Appellant. [834 NYS2d 25]—

Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered on or about March 24, 2006, which granted the petition to vacate an arbitration award entered in favor of respondent in the amount of $25,000, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered on or about May 17, 2006, which denied respondent's motion to reargue, unanimously dismissed, without costs, as no appeal lies from the denial of reargument.

The underlying personal injury action involved an automobile accident in which the plaintiffs were passengers in a vehicle owned and operated by petitioner's insured, which collided with a truck that was owned and operated by the respondent's insureds. The plaintiffs sued respondent's insureds and a third-party action was later commenced against petitioner's insured. Following the completion of discovery and after a jury had been selected, respondent, without the consent of petitioner, settled with the plaintiffs for a total of $100,000 and announced on the record that the action and third-party action were discontinued. The plaintiffs, in connection with the settlement, executed releases listing all relevant parties, including petitioner and respondent, as releasees. Respondent then commenced an arbitration proceeding seeking contribution from petitioner, which resulted in the award of $25,000.

The court properly granted the petition and vacated the award as irrational and violative of public policy. The court correctly determined that in light of the settlement and accompanying releases, General Obligations Law § 15-108 prohibited respondent from seeking contribution and there was no arbitrable controversy to decide (see CPLR 7511 [b] [1] [iii]; Matter of Spear, Leeds & Kellogg v Bullseye Sec., 291 AD2d 255 [2002]; cf. Matter of State Farm Fire & Cas. Co. v Assurance Co. of Am./Zurich, U.S., 276 AD2d 704 [2000]).

We have considered respondent's remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Saxe, Marlow, McGuire and Kavanagh, JJ.