742 S.E.2d 359

C–SCULPTURES, LLC, Respondent,

v.

Gregory A. BROWN and Kerry W. Brown, Petitioners.

Appellate Case No. 2011–195907.

No. 27246.

Supreme Court of South Carolina.

Heard Feb. 7, 2013.

Decided May 8, 2013.

54

John S. Nichols, of Bluestein Nichols Thompson & Delgado, LLC, of Columbia, for Petitioners.

Donald R. McCabe, Jr. and Stephanie C. Trotter, both of McCabe, Trotter & Beverly, P.C., of Columbia, for Respondent.

Justice KITTREDGE.

We granted certiorari to review the court of appeals decision affirming the circuit court's order that upheld an arbitration award. *C–Sculptures, LLC v. Brown,* 394 S.C. 519, 716 S.E.2d 678 (Ct.App.2011). We reverse, for we find the arbi-

trator exceeded his powers, as his decision constitutes a "manifest disregard of the law." *See* S.C.Code Ann. § 15–48–130 (Supp.2012); *Gissel v. Hart*, 382 S.C. 235, 676 S.E.2d 320 (2009).

## I.

The underlying dispute arises from a construction contract whereby Respondent C–Sculptures, LLC, a general contractor, agreed to build a home for Petitioners Gregory and Kerry Brown. The contract price was in excess of $800,000. However, Respondent only possessed what is referred to as a Group II license, limiting Respondent to construction projects that did not exceed $100,000. A dispute arose between the parties, and Respondent filed an action in circuit court seeking to enforce a mechanic's lien against Petitioners. Upon Petitioners' motion and pursuant to an arbitration clause in the parties' contract, the circuit court matter was stayed pending arbitration.

Petitioners sought to have the matter dismissed after they learned Respondent held only a Group II license. In a detailed memorandum in support of their motion to dismiss, Petitioners argued that Respondent did not have a valid license and was therefore prohibited from bringing a legal or equitable action to enforce the contract pursuant to S.C.Code Ann. section 40–11–370(C) (Supp.2012).[1]

The arbitrator was apprised of the applicable law, but nevertheless denied Petitioners' motion to dismiss "after due consideration of all the evidence and authorities presented by the parties in this Arbitration." Respondent prevailed at arbitration, receiving an award of damages and an award of attorney's fees as the prevailing party pursuant to S.C.Code Ann. section 29–5–10(b) (Supp.2012). Petitioners challenged the arbitration award, contending the arbitrator's denial of their motion to dismiss amounted to a manifest disregard of the law. Following adverse decisions in the circuit court and the court of appeals, we granted a writ of certiorari.

---

1. Section 40–11–370(C) provides: "An entity which does not have a valid license as required by this chapter may not bring an action either at law or in equity to enforce the provisions of a contract...."

56

## II.

South Carolina has a strong policy favoring resolution of disputes through alternative dispute resolution, including arbitration. *See Gissel v. Hart,* 382 S.C. 235, 240, 676 S.E.2d 320, 323 (2009) ("Arbitration is a favored method of disputes in South Carolina"). "Generally, an arbitration award is conclusive and courts will refuse to review the merits of an award." *Id.* at 241, 676 S.E.2d at 323. An award will be vacated only under narrow, limited circumstances, *inter alia,* "when the arbitrator exceeds his or her powers and/or manifestly disregards or perversely misconstrues the law." *Id.* (citing *Tech. College v. Lucas & Stubbs,* 286 S.C. 98, 333 S.E.2d 781 (1985)). This Court has held that for a court to vacate an arbitration award based upon an arbitrator's "manifest disregard for the law," the "governing law ignored by the arbitrator must be well defined, explicit, and clearly applicable." *Id.* Indeed, "[a]n arbitrator's 'manifest disregard of the law,' as a basis for vacating an arbitration award occurs when the arbitrator knew of a governing legal principle yet refused to apply it." *Id.* at 241–42, 676 S.E.2d at 323.

## III.

Petitioners argue the court of appeals erred in refusing to find the arbitrator manifestly disregarded the law in declining to dismiss the action. They maintain the plain language of section 40–11–370(C) is clear, defined, explicit, and unquestionably applicable, yet the arbitrator simply chose to ignore it. We agree.

"Under the plain meaning rule, it is not the court's place to change the meaning of a clear and unambiguous statute." *Hodges v. Rainey,* 341 S.C. 79, 85, 533 S.E.2d 578, 581 (2000). "Where the statute's language is plain and unambiguous, and conveys a clear and definite meaning, the rules of statutory interpretation are not needed and the court has no right to impose another meaning." *Id.*

It is undisputed that Respondent is a "general contractor" that performs "general construction" within the meaning of section 40–11–20(8) and (9) of the South Carolina Code. Section 40–11–30 states:

No entity or individual may practice as a contractor by performing or offering to perform contracting work for which the total cost of construction is greater than five thousand dollars for general contracting ... *without a license issued in accordance with this chapter.*

S.C.Code Ann. § 40–11–30 (Supp.2012) (emphasis added).

A contractor's failure to hold a license required by section 40–11–30 is governed by section 40–11–370 of the South Carolina Code, which provides in pertinent part:

(A)It is unlawful to use the term "licensed contractor" or to perform or offer to perform general or mechanical construction without first obtaining a license as required by this chapter.

. . . .

(C)An entity which does not have a *valid license* as required by this chapter may not bring an action either at law or in equity to enforce the provisions of a contract. . . .

(emphasis added).

■ The term "valid" is clear and unambiguous, and leaves no room for statutory construction. Respondent admits it did not have the appropriate license, yet attempts to avoid the door-closing effect of section 40–11–370(C) by claiming it was merely "under-licensed." The statute manifestly forecloses Respondent's interpretation, as the term "valid" does not give rise to the slightest ambiguity.[2] Our case law is in accord.

In *Duckworth v. Cameron,* 270 S.C. 647, 244 S.E.2d 217 (1978), a residential home builder, who was not licensed, entered into a contract for the construction of a house. This Court analyzed a similar statute that prohibited a residential home builder who did not have the required license from bringing an action to enforce the contract. We found the statute "clear and unambiguous. Any builder who violates the chapter by entering into a contract for home construction without obtaining *the required license* simply cannot enforce the contract." *Id.* at 649, 244 S.E.2d at 218 (emphasis added);

---

**2.** Moreover, section 40–11–270(A) provides that "[a] licensee is confined to the limitations of the licensee's license group and license classifications or subclassifications as provided in this chapter."

*see also Earthscapes Unlimited, Inc. v. Ulbrich,* 390 S.C. 609, 614, 703 S.E.2d 221, 224 (2010) (recognizing but not enforcing section 40–11–370(B) because "Appellants did not raise section 40–11–370 of the South Carolina Code as an affirmative defense at any stage in the proceeding below, we find this affirmative defense was not properly pled"); *Skiba v. Gessner,* 374 S.C. 208, 210, 648 S.E.2d 605, 605–06 (2007) (citing section 40–11–370 and recognizing it as an affirmative defense, noting "that an entity which does not have a valid license as required by Chapter 40 may not bring an action at law or in equity to enforce the provisions of a contract").

▆ In this case, the arbitrator erred in failing to grant Petitioners' motion to dismiss based upon the affirmative defense of section 40–11–370. Despite such error, Respondent seeks refuge in the narrow standard of manifest disregard. Indeed, manifest disregard is an exacting standard, but it is not insurmountable. *See, e.g., N.Y. Tel. Co. v. Commc'ns Workers of Am. Local 1100,* 256 F.3d 89 (2nd Cir.2001) (affirming district court's vacating of arbitration award where arbitrator manifestly disregarded the law by explicitly rejecting precedent of the Second Circuit and relying on opinions outside of the Circuit); *Montes v. Shearson Lehman Bros., Inc.,* 128 F.3d 1456 (11th Cir.1997) (finding lack of indication that arbitrators rejected party's express urging to disregard the law necessitated reversing affirmance of the arbitration award); *Spear, Leeds & Kellogg v. Bullseye Sec., Inc.,* 291 A.D.2d 255, 738 N.Y.S.2d 27 (2002) (finding that because individual claimants, as a matter of law, cannot assert a cause of action to recover for wrongdoing done to a corporation, the rendering of award based on such a claim was properly vacated as manifest disregard of the law); *Wichinsky v. Mosa,* 109 Nev. 84, 847 P.2d 727 (1993) (finding arbitrator demonstrated a manifest disregard of the law by awarding punitive damages in the absence of clear and convincing evidence of fraud, oppression or malice).

Here, we hold "the governing law ignored by the arbitrator [is] well defined, explicit, and clearly applicable[,]" and consequently, the manifest disregard standard has been met. *See Gissel,* 382 S.C. at 241, 676 S.E.2d at 323. Therefore, we

reverse the court of appeals and direct that judgment be entered for Petitioners.[3]

**REVERSED.**

TOAL, C.J., BEATTY and HEARN, JJ., concur.

PLEICONES, J., dissenting in a separate opinion.

Justice PLEICONES.

I am appalled that respondent, licensed only for construction projects up to $100,000, bid upon this project that far exceeded the scope of his license. Unlike the majority, however, I cannot say that the arbitrator manifestly disregarded the law. *Gissel v. Hart*, 382 S.C. 235, 676 S.E.2d 320 (2009); *Lauro v. Visnapuu*, 351 S.C. 507, 570 S.E.2d 551 (Ct.App. 2002) (Hearn, J., concurring). I therefore reluctantly dissent and would affirm the decision of the Court of Appeals.

Heretofore we have not had occasion to define the term "valid license" as used in S.C.Code Ann. § 40–11–370(C) (Supp.2012). While I may very well agree with the majority that respondent did not possess a valid license within the meaning of that statute, the question, in my view, is not whether the statutory term is clear and unambiguous, but whether the arbitrator knowingly refused to give the term its well-defined and explicit meaning. *Gissel, supra.* In my opinion, this strict standard is not met here either by reference to an opinion analyzing the term in a similar statute[4] or to a decision that mentioned but did not enforce the statute,[5] especially since in both cases the contractor had no license while respondent here admittedly possesses a Group II license. Under our very limited scope of review, I would uphold the arbitrator's award.

---

**3.** Having resolved the case on the basis of the section 40–11–370 challenge, we do not reach the remaining issue. *Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (appellate court need not address remaining issues when disposition of prior issue is dispositive).

**4.** *Duckworth v. Cameron*, 270 S.C. 647, 244 S.E.2d 217 (1978).

**5.** *Earthscapes Unlimited, Inc. v. Ulbrich*, 390 S.C. 609, 703 S.E.2d 221 (2010).

Since I would uphold the decision of the Court of Appeals on the "manifest disregard" issue, I reach the question whether the Court of Appeals erred in affirming the attorney's fee award. While I question that court's application of the mechanic's lien statute, the arbitrator's attorney's fee award rested on multiple grounds, not all of which have been challenged. I would therefore affirm the award of attorney's fee in result only.

For the reasons given above, I reluctantly dissent and would affirm the result reached by the Court of Appeals.