**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Xu Dong Sun, Appellant,

v.

Xiaolan M. Wang, Rui Cao, and M. Vista Restaurant, LLC, Respondents.

Shengen Sun, Appellant,

v.

Xiaolan M. Wang, Rui Cao, and Miyo's at Sandhills, LLC, Respondents.

Appellate Case No. 2013-000386

———————

Appeal From Richland County
L. Casey Manning, Circuit Court Judge.

———————

Unpublished Opinion No. 2014-UP-250
Heard May 14, 2014 – Filed June 25, 2014

———————

**AFFIRMED**

———————

Allen Jackson Barnes, of Allen Jackson Barnes, Attorney at Law, LLC, of Sumter, for Appellants.

John E. Schmidt, III and Melissa Javon Copeland, both of Schmidt & Copeland, LLC, of Columbia, for Respondents.

---

**PER CURIAM:** Xu Dong Sun and Shengen Sun (collectively, Appellants) appeal the order of the circuit court vacating the arbitration award in a breach of contract action. They argue the arbitrator considered the legal principle that the first party to breach a contract cannot complain when another party subsequently breaches the contract. We affirm.

The circuit court did not err in vacating the arbitration award. *See C-Sculptures, LLC v. Brown*, 394 S.C. 519, 523, 716 S.E.2d 678, 680 (Ct. App. 2011) ("[F]or a court to vacate an arbitration award based upon an arbitrator's manifest disregard of the law, the governing law ignored by the arbitrator must be well defined, explicit, and clearly applicable. [M]anifest disregard of the law occurs when the arbitrator knew of a *governing* legal principle yet refused to apply it, *and* the law disregarded was well defined, explicit, and clearly applicable to the case." (citation and internal quotation marks omitted)), *rev'd on other grounds*, 403 S.C. 53, 742 S.E.2d 359 (2013). The arbitrator manifestly disregarded the established law that the first to breach cannot later complain of a subsequent breach by the other party. In this case, the arbitrator found Appellants charged personal purchases to M. Vista Restaurant and Miyo's at Sandhills in violation of the contract. Therefore, they were in breach of contract before Xiaolan M. Wang and Rui Cao reclaimed the restaurants. *See Silver v. Aabstract Pools & Spas, Inc.*, 376 S.C. 585, 594, 658 S.E.2d 539, 543 (Ct. App. 2008) ("Where a contract is not performed, the party who is guilty of the first breach is generally the one upon whom all liability for the nonperformance rests." (internal quotation marks omitted)). Furthermore, Appellants had no right to cure and no right to notice under the contract. *See Schulmeyer v. State Farm Fire & Cas. Co.*, 353 S.C. 491, 495, 579 S.E.2d 132, 134 (2003) ("The cardinal rule of contract interpretation is to ascertain and give legal effect to the parties' intentions as determined by the contract language."); *B.L.G. Enters., Inc. v. First Fin. Ins. Co.*, 334 S.C. 529, 535, 514 S.E.2d 327, 330 (1999) ("When a contract is unambiguous, clear, and explicit, it must be construed according to the terms the parties have used."); *Beach Co. v. Twillman, Ltd.*, 351 S.C. 56, 64, 566 S.E.2d 863, 866 (Ct. App. 2002) ("[T]erms in a contract provision must be construed using their plain, ordinary and popular meaning."); *Hardee v. Hardee*, 355 S.C. 382, 387, 585 S.E.2d 501, 503 (2003) ("The judicial function of a court of law is to enforce a contract as made by the parties, and not to rewrite or

to distort, under the guise of judicial construction, contracts, the terms of which are plain and unambiguous.").

**AFFIRMED.**

**WILLIAMS, KONDUROS, and LOCKEMY, JJ., concur.**