**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Ralph Thomas and Nancy Thomas, Respondents,

v.

Gulf Stream Coach, Inc. and Ridgeland Recreational Vehicles, Inc., d/b/a Boat N RV Megastore, Defendants,

of whom Gulf Stream Coach, Inc. is the Appellant,

and

Ridgeland Recreational Vehicles, Inc., d/b/a Boat N RV Megastore, Respondent.

Appellate Case No. 2012-213361

———————

Appeal From Jasper County
Carmen T. Mullen, Circuit Court Judge

———————

Unpublished Opinion No. 2014-UP-320
Submitted July 1, 2014 – Filed August 13, 2014

———————

**AFFIRMED**

———————

Patrick M. Higgins and Jason Franklin Ward, both of Howell Gibson & Hughes, PA, of Beaufort, for Appellant.

John Paul Detrick and Matthew Vernon Creech, both of Peters Murdaugh Parker Eltzroth & Detrick, PA, of Hampton, and John Lawrence Duffy, III, of The Duffy Law Firm, LLC, of North Charleston, for Respondents Ralph Thomas and Nancy Thomas; Matthew Todd Carroll, of Womble Carlyle Sandridge & Rice, LLP, of Columbia, for Respondent Ridgeland Recreational Vehicles, Inc.

---

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *C-Sculptures, LLC v. Brown*, 403 S.C. 53, 56, 742 S.E.2d 359, 360 (2013) ("Generally, an arbitration award is conclusive and courts will refuse to review the merits of an award." (internal quotation marks omitted)); *id.* (noting "[a]n award will be vacated only under narrow, limited circumstances," such as when the arbitrator "manifestly disregards or perversely misconstrues the law"); *id.* (explaining an arbitrator manifestly disregards the law and creates a basis for vacating his award "when the arbitrator knew of a governing legal principle yet refused to apply it"); *Gissel v. Hart*, 382 S.C. 235, 241, 676 S.E.2d 320, 323 (2009) ("Case law presupposes something beyond a mere error in construing or applying the law.").

**AFFIRMED.**[1]

**WILLIAMS, KONDUROS, and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.