**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Tony T. Good, Appellant,

v.

Tomekia Means and United States Department of Agriculture, Respondents.

Appellate Case No. 2021-000847

———————

Appeal From Newberry County
R. Lawton McIntosh, Circuit Court Judge

———————

Unpublished Opinion No. 2023-UP-187
Submitted April 1, 2023 – Filed May 17, 2023

———————

**AFFIRMED**

———————

Kyle B. Parker, of Pope Parker Jenkins, P.A., of Newberry, for Appellant.

Dean Anthony Hayes, of McCabe, Trotter & Beverly, P.C., of Columbia, for Respondent Tomekia Means

George John Conits, of Greenville, for Respondent United States Department of Agriculture.

———————

**PER CURIAM:**  Tony T. Good appeals the trial court's order barring him from maintaining the underlying action against Tomekia Means pursuant to section 40-11-370(C) of the South Carolina Code (2011).  On appeal, Good argues the trial court erred in (1) concluding that waiver or estoppel did not apply to section 40-11-370(C), (2) failing to conclude that Means waived or is estopped from asserting section 40-11-370(C) as an affirmative defense, and (3) failing to find that Means engaged in tortious conduct.  We affirm.

First, we hold the trial court did not err by concluding that, irrespective of Mean's knowledge of Good's license limitations or any representations made by her, section 40-11-370(C) barred Good from maintaining the underlying action.  *See Lollis v. Dutton*, 421 S.C. 467, 479, 807 S.E.2d 723, 729 (Ct. App. 2017) ("[O]ur appellate courts have traditionally viewed the main purpose of a cause of action seeking specific performance as the pursuit of equitable relief and thus have found such a claim to be equitable in nature."); *Walker v. Brooks*, 414 S.C. 343, 347, 778 S.E.2d 477, 479 (2015) ("On appeal from an action in equity, this Court may find facts in accordance with its view of the preponderance of the evidence.").  Good exceeded the $30,000 project limitation of his general contractor's license by signing a contract to perform work on Means's house in the amount of $74,000 and obtaining a permit for $42,000 for the project; therefore, his license was invalid. *See C-Sculptures, LLC v. Brown*, 403 S.C. 53, 55-57, 742 S.E.2d 359, 360-61 (2013) (holding a contractor who agreed to build a house with a contract amount $700,000 over his license limitation had an invalid license); § 40-11-370(C) ("An entity which does not have a valid license as required by this chapter may not bring an action either at law or in equity to enforce the provisions of a contract."); *Wagner v. Graham*, 296 S.C. 1, 3, 370 S.E.2d 95, 96 (Ct. App. 1988) (holding, regardless of the defendant's knowledge of the contractor's unlicensed status, the contractor was barred from enforcing the contract against the defendant); *id.* ("If one might avoid the impact of the statute by applying the law of estoppel, one could, by a similar reasoning, avoid the act by agreement between the Contractor and Homeowner.").

Next, we hold the trial court did not err by concluding Good was barred from maintaining his tort claims against Means.  *See Electro-Lab of Aiken, Inc. v. Sharp Constr. Co, of Sumter*, 357 S.C. 363, 367, 593 S.E.2d 170, 172 (Ct. App. 2004) ("In an action at law, on appeal of a case tried without a jury, the appellate court's standard of review extends only to the correction of errors of law."); *id.* ("The trial [court's] findings of fact will not be disturbed upon appeal unless found to be without evidence which reasonably supports the judge's findings."); S.C. Code Ann. § 40-11-30 (2011) ("No entity or individual may practice as a contractor by

performing or offering to perform contracting work . . . without a license issued in accordance with this chapter."); *C-Sculptures*, 403 S.C. at 57, 742 S.E.2d at 361 (holding a general contractor that exceeded the limits of his license did not have a valid license); *Jackson v. Bi-Lo Stores, Inc.*, 313 S.C. 272, 276, 437 S.E.2d 168, 170 (Ct. App. 1993) ("It is a well[-]founded policy of law that no person be permitted to acquire a right of action from their own unlawful act and one who participates in an unlawful act cannot recover damages for the consequence of that act."); *id.* ("This rule applies at both law and in equity and whether the cause of action is in contract or in tort.").

**AFFIRMED.**[1]

**KONDUROS and VINSON, JJ., and LOCKEMY, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.