THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Marsh Waterproofing, Inc., Respondent,

v.

Steeple Dorchester Ltd. and Hamilton Management Services Company, Inc., Appellants.

Appellate Case No. 2020-000921

———————

Appeal From Charleston County
Frank R. Addy, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2023-UP-210
Heard April 12, 2023 – Filed May 24, 2023

———————

**AFFIRMED**

———————

Christopher Clay Olson, of Gordon & Rees, LLP, of Charleston, for Appellants.

Albert A. Lacour, III, and Tyler Ethan Cloud, both of Clawson & Staubes, LLC, of Charleston, for Respondent.

———————

**PER CURIAM:** Steeple Dorchester Ltd. (Steeple) and Hamilton Management Services Company (Hamilton) appeal an order finding Marsh Waterproofing, Inc. (Marsh) was entitled to claim a mechanic's lien to secure a debt, including costs and attorney's fees. Steeple and Hamilton argue the trial court erred in: (1)

entering a money judgment in favor of an unlicensed contractor in violation of sections 40-11-30[1] and 40-11-370[2] of the South Carolina Code (2011); (2) issuing a money judgment against them because no proof was presented that either of them entered into a contract with Marsh; (3) granting a judgment on the mechanic's lien because it was not a justiciable matter; (4) awarding attorney's fees and costs to Marsh; (5) not granting their motion for a new trial; and (6) not granting their motion for reconsideration. We affirm[3] pursuant to Rule 220(b), SCACR, and the following authorities:

1.      We find the evidence supports the trial court's determination that the work was not structural in nature: (1) Marsh made no repairs or modifications to the structural elements of the building other than to mix up a couple of bags of concrete to close up the access opening in the slab, which did not amount to $5,000 worth of work to the existing structural elements; (2) the foam did not attach to any of the structural elements and did not modify or change any of the structural elements because the foam simply occupied the airspace to prevent the slab from moving downward if the slab failed; (3) the scope of work outlined in the engineering report did not specify any repairs to any existing structural elements; and (4) if the foam is not being used for energy efficiency as insulation and is only being used as a means to fill a void, there is no classification for this use that would require a license. Thus, the trial court correctly found Marsh was not required to be licensed for the work it performed. *See* S.C. Code Ann. § 40-11-20(8) (2011) ("General construction" is defined as "the installation, replacement, or repair of a building, structure, highway, sewer, grading, asphalt or concrete paving, or improvement of any kind to real property."); S.C. Code Ann. § 40-11-20(9) (2011) ("General contractor" is defined as "an entity which performs or supervises or offers to perform or supervise general construction."); S.C. Code Ann. § 40-11-410(4)(c) (2011) (providing the "Interior Renovation" license classification is defined as "includ[ing] installing, remodeling, renovations, and finishes of acoustical ceiling systems and panels, load-bearing and nonload-bearing drywall partitions, lathing and plastering, flooring (excluding carpet) and finishing, interior

---

[1]  S.C. Code Ann. § 40-11-30 (2011) provides: "No entity or individual may practice as a contractor by performing or offering to perform contracting work for which the total cost of construction is greater than [$5,000] for general contracting . . . without a license issued in accordance with this chapter."

[2]  S.C. Code Ann. § 40-11-370(A) (2011) makes it unlawful "to perform or offer to perform general or mechanical construction without first obtaining a license as required by this chapter."

[3] The attorney for Appellants failed to appear at oral argument.

recreational surfaces, window and door installation, and installation of fixtures, cabinets, and millwork; and which also includes fireproofing, insulation, lining, painting, partitions, sandblasting, interior wall covering, and waterproofing. This subclassification does not include alterations to load-bearing portions of a structure."). Further, we find the South Carolina Contractors' Licensing Board correctly concluded that Marsh "was not supervising any work on the project(s) and believed that Hamilton was either the licensed general contractor hiring, organizing, and supervising subcontractors, or that Hamilton had hired a licensed general contractor to organize and supervise subcontractors" and "[i]f this was the case, [Marsh] was not required to be licensed as a sub-contractor pursuant to S.C. Code Ann. § 40-11-270(E)." *See Teseniar v. Pro. Plastering & Stucco, Inc.*, 407 S.C. 83, 97, 754 S.E.2d 267, 274 (Ct. App. 2014) (holding because the general contractor was licensed, it was permitted to utilize an unlicensed professional's services, and as a result, section 40-11-370(C) did not preclude the unlicensed professional from bringing a cross-claim against its subcontractor); *id.* (noting the pertinent licensing statutes are intended to protect the public interest and "[t]he purpose of protecting the public interest by denying enforceability does not exist when dealing with claims between contractors" (citing *Kennoy v. Graves*, 300 S.W.2d 568, 570 (Ky. 1957) ("The statute involved, and similar ones, are designed to protect the public from being imposed upon by persons not qualified to render a professional service. The reason for the rule denying enforceability does not exist when persons engaged in the same business or profession are dealing at arm['']s length with each other. In the case before us appellant was in a position to know, and did know, the qualifications of appellee. No reliance was placed upon the existence of a license, as presumptively would be the case if appellee was dealing with the general public."))). *But see C-Sculptures, LLC v. Brown*, 403 S.C. 53, 55, 742 S.E.2d 359, 360 (2013) (finding C-Sculptures, which was a general contractor which failed to hold the appropriate license for the work, was excluded from enforcing a contract pursuant to section 40-11-370). Accordingly, the trial court did not err in entering a money judgment for Marsh.

2.    We find the evidence supports the trial court's determination that Steeple and Hamilton entered into a contract with Marsh: (1) the correspondence between Hamilton and Marsh indicated that Burns, who signed an authorization for the work to be performed, was acting for Hamilton; (2) Hamilton, as the manager who was authorized to sign for Steeple and State Acquisitions, signed the proposal submitted by Marsh; and (3) Steeple and Hamilton received valuable consideration in the form of the work completed by Marsh. *See Hennes v. Shaw*, 397 S.C. 391, 399, 725 S.E.2d 501, 505 (Ct. App. 2012) ("The necessary elements of a contract are offer, acceptance, and valuable consideration."); *Prestwick Golf Club, Inc. v.*

*Prestwick Ltd. P'ship*, 331 S.C. 385, 389, 503 S.E.2d 184, 186 (Ct. App. 1998) ("Valuable consideration to support a contract may consist of some right, interest, profit or benefit accruing to one party or some forbearance, detriment, loss or responsibility given, suffered or undertaken by the other."); *Hennes*, 397 S.C. at 399, 725 S.E.2d at 506 ("To recover for a breach of contract, the plaintiff must prove: (1) a binding contract; (2) a breach of contract; and (3) damages proximately resulting from the breach."); *Jaffe v. Gibbons*, 290 S.C. 468, 472, 351 S.E.2d 343, 345 (Ct. App. 1986) ("The general rule is that where both parties have signed a contract, the signing by the first party is in effect his proposal or offer, and the signing by the second party is his acceptance thereof; the writing then represents or evidences the bargain between them.").

3.     We find the issue as to whether the trial court erred in granting a judgment on the mechanic's lien because it was not a judiciable matter is abandoned by Appellants for failure to cite any authority. *See* Rule 208(b)(1)(E), SCACR (requiring citation to authority in the argument section of an appellant's brief); *First Sav. Bank v. McLean*, 314 S.C. 361, 363, 444 S.E.2d 513, 514 (1994) (noting when a party fails to cite authority or when the argument is simply a conclusory statement, the party is deemed to have abandoned the issue on appeal).

4.     We find the trial court correctly awarded attorney's fees and costs to Marsh because they are authorized by statute. *See* S.C. Code Ann. § 29-5-10(a) (2007) ("The costs which may arise in enforcing or defending against the lien under this chapter, including a reasonable attorney's fee, may be recovered by the prevailing party."). We also find the court properly considered the factors for determining an award of fees. *See Blumberg v. Nealco, Inc.*, 310 S.C. 492, 494, 427 S.E.2d 659, 660 (1993) (providing the six factors that should be considered when determining an award of attorney's fees: "1) [the] nature, extent, and difficulty of the legal services rendered; 2) [the] time and labor devoted to the case; 3) [the] professional standing of counsel; 4) [the] contingency of compensation; 5) [the] fee customarily charged in the locality for similar services; and 6) beneficial results obtained"); *Keeney's Metal Roofing, Inc. v. Palmieri*, 345 S.C. 550, 553, 548 S.E.2d 900, 901 (Ct. App. 2001) ("The determination as to the amount of attorney's fees that should be awarded under the mechanic's lien statute is addressed to the sound discretion of the trial court."); *id.* ("The court's decision regarding such a matter will not be disturbed absent an abuse of discretion.").

5.     Viewing the testimony and reasonable inferences to be drawn therefrom in the light most favorable to the nonmoving party, we find the trial court did not err in denying Steeple and Hamilton's motion for a new trial because the court's

decision was based on factual conclusions that are supported by the evidence. *See RRR, Inc. v. Toggas*, 378 S.C. 174, 182, 662 S.E.2d 438, 442 (Ct. App. 2008) (stating the grant or denial of a motion for a new trial lies within the sound discretion of the trial court and "its decision will not be disturbed on appeal unless its findings are wholly unsupported by the evidence or the conclusions reached are controlled by error of law"); *Vinson v. Hartley*, 324 S.C. 389, 405, 477 S.E.2d 715, 723 (Ct. App. 1996) ("In deciding whether to assess error to a court's denial of a motion for a new trial, we must consider the testimony and reasonable inferences to be drawn therefrom in the light most favorable to the nonmoving party.").

6.     Because we find the trial court did not err in its findings, we also find the trial court did not err in denying Steeple and Hamilton's motion for reconsideration.

**AFFIRMED.**

**THOMAS, MCDONALD, and HEWITT, JJ., concur.**